UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| KELVIN WOOTEN, JR., ) | |
| ) | |
| *Plaintiff*, ) | Case No. 4:25-cv-22 |
| ) | |
| v. ) | Judge Atchley |
| ) | |
| LINCOLN COUNTY SHERIFF'S ) | Magistrate Judge Steger |
| DEPARTMENT, VICKY AFISOV, ) | |
| ZEKE GEORGE, and TULL MALONE, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate of the Lincoln County Jail, has filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 7] and a motion for leave to proceed *in forma pauperis* [Doc. 6]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

### I.    FILING FEE

As it appears from his motion for leave to proceed *in forma pauperis* [*Id.*] that Plaintiff cannot pay the filing fee in one lump sum, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402, twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid. The

Clerk is **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure payment.

## II. COMPLAINT SCREENING

### A. Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations

From March 6, 2025, to April 17, 2025, Plaintiff made multiple requests for a "Holy Quran and prayer rug," but unspecified jail officials denied his requests and told him to "outsource" these

2

items because they do not provide them [Doc. 7 at 3–4]. After a month and a half of begging, Plaintiff received the "Holy Quran," but he still has not received a prayer rug [*Id.* at 4]. According to Plaintiff, "[t]hey provide for Christians," and "[Plaintiff] should not be denied access to study [his] religion" [*Id.*].

Plaintiff has sued the Lincoln County Sheriff's Department, Sheriff Tull Malone, Jail Administrator Vicky Afisov, and Assistant Jail Administrator Zeke George [*Id.* at 1, 3]. As relief, Plaintiff asks that "they provide religious materials for all religions" and requests compensatory damages [*Id.* at 9].

C.     **Analysis**

First, Plaintiff's complaint fails to state a claim against the individual Defendants in their individual capacities, as he does not set forth any facts indicating that that any Defendant was personally involved in denying him any religious items, and these Defendants cannot be liable under § 1983 based solely on their supervisory positions. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and failure to respond to or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983); *Iqbal*, 556 U.S. at 676 (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior").

Next, Defendant Lincoln County Sheriff's Office is not an entity that may be sued under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's

3

office or police department is not a 'person' subject to suit under 42 U.S.C. §1983") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

Additionally, Plaintiff's complaint does not plausibly indicate that an official custom or policy of Lincoln County caused any denial of religious items to him in violation of his constitutional rights, such that the complaint could state a § 1983 claim against this municipality upon which relief may be granted. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Notably, Plaintiff states that in his complaint that the Lincoln County Jail "provides" for Christians [*Id.* at 4]. Liberally construing the complaint in Plaintiff's favor, the Court assumes that this means that the Lincoln County Jail has Christian items, such as Bibles, available to prisoners but does not have items from other religions, such as "Holy Qurans" or prayer rugs, available to prisoners. But Plaintiff does not set forth any facts from which the Court can plausibly infer that this is due to an official custom or policy of Lincoln County, rather than, for example, other prisoners leaving Christian items at the jail and/or religious organizations donating Christian items to the jail. Accordingly, the Court finds this assertion does not state a plausible claim for municipal liability. *Chambers v. Cnty. of Mahoning*, No. 4:23-cv-2136, 2024 WL 197262, at *1 (N.D. Ohio Jan. 17, 2024) (finding that where the plaintiff alleged that Christian Bibles were available to inmates free of charge, but inmates had to purchase copies of the Quran, the complaint failed to state a claim against the municipality). And to the extent that Plaintiff sued the individual Defendants in their official capacities, any such claims fail to state a plausible § 1983 claim for the same reason the complaint fails to state a claim against Lincoln County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

Moreover, while Plaintiff states that he has not received a prayer rug, he does not set forth any facts from which the Court can plausibly infer that the jail has not allowed him to use a towel or other item as a prayer rug, or any other facts suggesting that the lack of a prayer rug substantially burdens his ability to practice his religion. Thus, Plaintiff has failed to "nudge[] [this claim] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Chism v. Jefferson Cnty. Sheriff's Off.*, No. 3:22-cv-367, 2023 WL 3486179, at *4 (E.D. Tenn. May 16, 2023) (finding that where the plaintiff alleged that he could not obtain a prayer rug but did not allege that he did not "have access to other items that he could use as a prayer rug," his complaint failed to state a claim for violation of his right to free exercise of his religion); *Roberts v. Henderson Cnty.*, No. 4:21-cv-78, 2022 WL 16640015, at *5 (W.D. Ky. Nov. 2, 2022) (noting that "courts have held that a prison's First Amendment and RLUIPA obligations are satisfied if it provides a towel to use instead" of a prayer rug (collecting cases)) (citations omitted).

Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 6] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7.  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**